UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>HMH CONSTRUCTION, LLC,<br>                Debtor.<br><br>TIMOTHY R. KURTZ, Chapter 7 Trustee,<br>                Plaintiff,<br>v.<br>CITIBANK, N.A., a national banking association,<br>                Defendant. | Dist. Case No. 1: 25-cv-00588-AKB<br><br>Adversary Case No. 25-06023-BPH<br><br>Bankruptcy Case No. 23-00191-BPH<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Pending before the Court is Defendant Citibank, N.A.'s Motion to Withdraw the Reference (Dkt. 1). The Trustee, Timothy R. Kurtz, in his capacity as Chapter 7 Trustee for the bankruptcy estate of HMH Construction, LLC, filed a memorandum in opposition (Dkt. 2), and Citibank submitted a reply (Dkt. 3). Having reviewed the parties' submissions, the Court finds the facts and legal argument adequately presented and determines that oral argument would not significantly aid the decisional process. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b). For the reasons explained below, the Court grants in part Citibank's motion, withdraws the reference for trial and final judgment, and permits the Bankruptcy Court to handle all pretrial matters.

MEMORANDUM DECISION AND ORDER - 1

## BACKGROUND

The underlying bankruptcy case arises from the Chapter 7 proceedings of HMH Construction. In the adversary proceeding, the Trustee seeks to avoid and recover alleged fraudulent transfers from Citibank totaling approximately $239,630.02 under 11 U.S.C. §§ 544(b)(1) and 548, together with related claims under 28 U.S.C. § 3304 and Idaho Code §§ 55-913–914. Citibank answered the amended complaint, asserted a counterclaim for declaratory relief concerning the relationship between the Debtor and its principal, and demanded a jury trial. Citibank has expressly withheld consent to entry of final judgment by the bankruptcy court.

Citibank now moves to withdraw the reference under 28 U.S.C. § 157(d) and Rule 5011 of the Federal Rules of Bankruptcy Procedure, contending that its nonconsent and Seventh Amendment right to a jury trial requires trial to proceed in the district court.

## LEGAL STANDARD

Under 28 U.S.C. § 157(d), a district court may withdraw any case or proceeding referred to the bankruptcy court "for cause shown." Withdrawal is mandatory if resolution of the proceeding requires consideration of both Title 11 and other federal laws regulating organizations or activities affecting interstate commerce. Otherwise, withdrawal is discretionary and governed by the court's assessment of "cause."

Courts in the Ninth Circuit consider four primary factors when determining whether permissive withdrawal is warranted: (1) the efficient use of judicial resources, (2) delay and costs to the parties, (3) uniformity of bankruptcy administration, and (4) the prevention of forum shopping. *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997). A threshold question under this framework is whether the matter

involves "core" or "non-core" claims, since that determination informs the efficiency and constitutional considerations of withdrawal. *Id.*

Additionally, under 28 U.S.C. § 157(e), a bankruptcy court may conduct a jury trial only "if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." Thus, where a party is entitled to a jury trial and refuses to consent to trial in the bankruptcy court, that right constitutes cause for withdrawal. *In re Healthcentral.com*, 504 F.3d 775, 788 (9th Cir. 2007); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 56 (1989).

## ANALYSIS

### A.   Jury Trial Right and Nonconsent

Citibank has demanded a jury trial and does not consent to the bankruptcy court conducting that trial. Under *Granfinanciera*, fraudulent transfer actions are "quintessentially suits at common law" entitling defendants to a jury trial. 492 U.S. at 56. Because § 157(e) prohibits the bankruptcy court from conducting a jury trial absent consent; this provides sufficient "cause" to withdraw the reference as to trial. *Healthcentral.com*, 504 F.3d at 788.

Although that right requires withdrawal for trial, it does not necessitate immediate withdrawal of the entire case. District courts commonly permit the bankruptcy court to retain jurisdiction over pretrial matters, including discovery, motion practice, and pretrial management, to promote efficiency and uniformity. *Id.* at 787–88.

### B.   Permissive Withdrawal Factors

The *Security Farms* factors also support partial withdrawal. Because the bankruptcy court cannot enter final judgment on the Trustee's claims without the parties' consent, the district court would inevitably review any proposed findings de novo. Retaining pretrial matters in the bankruptcy court while reserving trial for this Court avoids duplication and conserves resources,

**MEMORANDUM DECISION AND ORDER - 3**

expedites discovery and motion practice, and ensures that no delay occurs when the matter is ready for trial.

Further, the bankruptcy court's continued involvement in pretrial administration will promote consistency across related adversary proceedings in the HMH Construction bankruptcy, thereby preserving—rather than disrupting—uniformity of bankruptcy administration. Finally, the Court finds no evidence that Citibank seeks to manipulate forum selection; the motion is timely and premised on preserving a constitutional right, not on seeking a more favorable forum. *See Sec. Farms*, 124 F.3d at 1009.

C.     **Core or Non-Core Nature of Claims**

Although fraudulent transfer claims are statutorily "core" under 28 U.S.C. § 157(b)(2)(H), the Supreme Court has held that such claims may not be finally adjudicated by a bankruptcy court as a constitutional matter. *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 35 (2014). This hybrid posture further supports limited withdrawal to preserve Article III and Seventh Amendment protections while allowing the bankruptcy court's specialized expertise to guide pretrial proceedings.

**ORDER**

For the foregoing reasons, the Court finds that withdrawal of the reference is warranted to preserve Citibank's right to a jury trial and to ensure compliance with 28 U.S.C. § 157(e). The Court, however, also finds that the bankruptcy court's continued management of pretrial proceedings will best serve efficiency, uniformity, and judicial economy.

**IT IS ORDERED:**

1. Defendant's Motion to Withdraw the Reference (Dkt. 1) is **GRANTED IN PART**. The Court will withdraw the reference when the bankruptcy court certifies that this adversary proceeding is ready for trial.

2. Until that certification, the bankruptcy court shall retain full authority over all pretrial matters, including discovery, pretrial conferences, and the resolution of both routine and dispositive motions.

3. If a dispositive motion is filed, the bankruptcy court may hear the motion and issue proposed findings of fact and conclusions of law for this Court's *de novo* review and final disposition.

4. Upon certification that the case is trial-ready, the reference will be withdrawn and the case set for trial before the undersigned.

DATED: November 14, 2025

Amanda K. Brailsford
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5